MEYER BROTHERS DRUG COMPANY v. S. A. BROWN & COMPANY et al.

1. PROPERTY Subject to Material-Men's Lien. A person in possession of real estate under a verbal agreement to convey the fee-simple title to him is an owner thereof within the meaning of our statute relating to material-men's liens, and may subject his interest therein to such a lien.

2. —————— Priority of Lien. When a person in possession contracts for material for the erection of a building upon the premises, and a portion of the material has been furnished and the construction of the building begun, and afterward, pursuant to said agreement, the full title is conveyed to him, held, that the lien for the material so contracted, if filed in time, is prior to mortgage liens obtained subsequent thereto.

*Error from Woodson District Court.*

ACTION to determine the priority of certain liens. The case is stated in the opinion.

*W. H. Slavens*, for plaintiff in error.

*M. C. Smith*, for defendants in error S. A. Brown & Co.

Opinion by STRANG, C.: This was an action to determine the priority of certain liens between the parties thereto. It was tried by the court June 12, 1888, on the following agreed statement of the facts:

"S. A. Brown & Co. entered into a contract with D. A. Wilson, defendant, in December, 1886, to furnish lumber and materials to erect a building on lots 1, 2, and 3, block 7, Yates's 4th addition to the city of Yates Center, Kas. At the date of said contract G. H. Phillips held the legal title to said lots, which were at that time unimproved; but there was an agreement between said Phillips and D. A. Wilson by which said Phillips was to convey said lots to said D. A. Wilson; that on January 1, 1887, G. H. Phillips and wife conveyed said lots to said D. A. Wilson by warranty deed, and that on January 6, 1887, said D. A. Wilson and wife executed and delivered to Scott & Brier, defendants herein, a mortgage on said lots to secure the payment of $550, for the purpose of obtaining money to pay for the lumber and materials to erect a dwelling on said lots; that S. A. Brown & Co. had, prior to January 1, furnished a portion of said lumber, and work had commenced on said house, and balance of said lumber was furnished at different times subsequent to January 1, 1887, and the house was completed some months afterward; and that, within four months after the completion of said building, the mechanics' lien statement of S. A. Brown & Co. was properly filed in the district clerk's office; that to secure a part of the purchase-money said D. A. Wilson and wife executed and delivered to said G. H. Phillips, on January 6, 1887, a mortgage of $150, which was afterward transferred to Meyer Drug Company, one of the defendants; that said mortgage was made subsequent to said mortgage of said Scott & Brier; that said Phillips had knowledge that said mortgage of Scott & Brier was executed to obtain money for the erection of said building, and that said Phillips sold the lots with the understanding that a building was to be erected thereon; that some time in December, 1886, said Phillips, by contract with Wilson, agreed to sell to him the lots in question for $100 to be paid January 1, 1887, time on balance, but length of time not mentioned; that Wilson commenced to build, but without any understanding with Phillips that anyone should acquire any lien prior to his (Phillips's); that when Phillips gave a deed it was with the understanding with Wilson that there should be

no liens except Scott & Brier's mortgage ahead of his mortgage, which was for part purchase-money, and Phillips never had any talk or understanding with Brown & Co. about the matter; that Brown & Co. had no knowledge of the talk between Phillips and Wilson in regard to liens or 'mortgages aforesaid."

On said statement of facts the court found that S. A. Brown. & Co. were entitled to a first lien upon the premises, for the amount of their claim, $120.46; that Moses Clark, assignee of the defendants, Scott & Brier, was entitled to a second lien on the premises, for the amount of his claim, $648.25; and that the plaintiff in error, the Meyer Brothers Drug Company — assignee of G. H. Phillips — was entitled to a third lien upon the premises, for $176.   Meyer Brothers objected to the judgment of the court, and bring the case here for review, and say they should have been given a second lien upon the premises, it being conceded by the plaintiff in error that Scott & Brier should have the first lien thereon, and that the lien of S. A. Brown & Co. should have been postponed to both the lien of Scott & Brier and their own.   The agreed statement of facts, which contains all the evidence in the case, shows that in December, 1886, G. H. Phillips was the owner of the lots described in the petition of the plaintiff below, and that some time during that month he verbally promised to sell the premises to D. A. Wilson for $250, $100 to be paid January 1, 1887, with time to Wilson on the balance. Wilson paid the $100 on the 1st of January, 1887, and Phillips and wife made to him a deed for the lots on that day. On the 6th day of the same month Wilson and wife executed to Scott & Brier a mortgage covering the premises, for $550, to secure that amount of money borrowed of them by Wilson for the purpose of erecting a house on said lots.   At the same time Wilson also executed to G. H. Phillips a mortgage for the balance of the purchase-money for said lots.   These mortgages were immediately placed on record.   It was understood between Phillips, Wilson, and Scott & Brier, that Scott & Brier should have the first lien upon the premises, and Phil-

35 —46 KAS.

lips should have the second lien thereon. The agreed statement also shows that in December, 1886, Wilson contracted with S. A. Brown & Co. to furnish him lumber and material to erect a house on said lots; that they furnished him some lumber on the 3d of December, 1886, and the balance from time to time subsequently thereto, until September 21, 1887, when the last material was furnished. The amount of lumber, in value, furnished December 3, 1886, was $122.12. January 31, 1887, there was paid on said contract for lumber, $122.12. The next payment, $138.41, was made February 25, 1887, and the last one September 27, 1887. The agreed statement also shows that work was commenced on the building before the 1st of January, 1887.

The contention of the plaintiff in error is, that Wilson had no title to the lots in December, when he contracted for the lumber with S. A. Brown & Co., and consequently no interest therein to which a lien for lumber and material sold before the 1st of January could attach. And, second, that if Wilson had any interest in the lots to which a lien for the lumber furnished in December could attach, that lumber was fully paid for January 31, 1887, and any claim for compensation, or a lien therefor, was thus fully satisfied. And as to material furnished after January 6, 1887, any lien therefor must be subsequent to the lien of the plaintiff in error.

We do not think either of the positions of the plaintiff in error is tenable. It is conceded that at the time Wilson contracted with S. A. Brown & Co. for material, Phillips had, by a verbal agreement, promised to convey the lots to Wilson on the 1st of January, and that said agreement was executed at that time by Phillips deeding the lots to Wilson. The agreed statement shows that work was actually begun on the building in the month of December. It follows, then, that Wilson was in possession of the lots and had commenced the erection of the building, for the construction of which S. A. Brown & Co. had contracted to furnish material, before any mortgage was placed on record against the lots. It is true that the legal title to the lots was in Phillips when the

contract for material was made between Wilson and S. A. Brown & Co., but as Phillips had agreed to convey the lots to Wilson, and gave Wilson possession of them for the purpose of erecting a building thereon, Wilson had sufficient title therein to enable him to contract for material for the construction of the building, and sufficient for a lien to attach thereto under the law of this state giving a material man a lien for materials furnished for the erection of buildings. When Phillips, in December, agreed to convey the lots to Wilson, and gave him possession of them, Wilson got such an equity therein as made him an owner within the meaning of our statute relating to liens for material. Hence S. A. Brown & Co. had a right under the law to contract with him to furnish material for the construction of a building thereon, and also to secure a lien on the premises for the material so furnished, in preference to any subsequent lien obtained against the lots. (*Hathway v. Davis*, 32 Kas. 693; Phil., Mech. Liens, §§ 69, 139; *Lumber Co. v. Osborn*, 40 Kas. 168; *Huff v. Jolly*, 41 id. 537; *Lumber Co. v. Schweiter*, 45 id. 207; *Mortgage Trust Co. v. Sutton*, ante, p. 166.)

As to the second point made by the plaintiffs in error, while it is true that the lumber furnished by S. A. Brown & Co., December 3, 1886, was fully and exactly paid for by the payment made January 31, 1887, yet it does not necessarily follow that the lumber delivered subsequently was sold on a separate and distinct contract from the one made in December. The fact that lumber and materials, amounting in value to $122.12, were sold and delivered in December, and no more lumber was delivered until February 25, coupled with the fact that on the 31st of January, 1887, a payment was made for the exact value of the lumber first delivered, creates an inference, perhaps, that there were two separate contracts for lumber, and that the lumber first purchased had been fully paid for by the payment of January 31, 1887; but this inference, and it is but a mere inference, arising from the exhibit attached to the petition, is overcome by the agreed statement of facts, which says: "S. A. Brown & Co. entered into a con-

tract with D. A. Wilson, the defendant, in December, 1886, to furnish lumber and material to erect a building upon lots 1, 2, and 3," being the lots described in the petition of the plaintiff below. From this statement, it appears that S. A. Brown & Co., in December, contracted to furnish lumber and materials for the building, which means the whole building. This statement completely excludes the idea that there was one contract for part of the lumber in December, and another for the balance in February following. If the contract for lumber and materials to erect the building was made in December, there was no occasion for a new contract in February, for lumber and materials for the same building. And, besides, if there were two contracts for the lumber, the agreed statement should have shown that there were, instead of stating that a contract was made in December for the material for the building, which, as stated above, means the whole building.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.