GEORGE L. MCCULLAGH v. GEORGE W. RAINS et al., as Partners, etc., et al.

No. 14,838 (89 Pac. 1041.)

SYLLABUS BY THE COURT.

MINES AND MINERALS—*Parol Grant of a Privilege to Mine—Revocable at Will.* A parol grant of the privilege of mining on lands is a mere license, revocable at will, and conveys no title to any ores not severed by the licensee and reduced to his possession. The expenditure of moneys in mining under a parol license adds nothing to the grant.

Error from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed April 6, 1907. Affirmed.

STATEMENT.

THE New York Zinc Company owns a tract of mineral lands in Cherokee county. George L. McCullagh was mining lots 13 and 14 of this tract under a written lease from the company, and, on March 15, 1902,

claims to have procured from the manager of the company a verbal lease to mine on an adjoining lot, known as the "Ben Q" lot.   Under this verbal lease he extended his operations from lots 13 and 14 over and upon the Ben Q lot.   For the privilege he paid to the company on such ores as he took therefrom the same royalties his written lease for the other lots provided, which were $33\frac{1}{3}$ per cent. on lead and 20 per cent. on zinc.   A month after he began operations under his verbal lease the company gave a written lease of this lot to George W. Rains, C. L. Rains and John S. Jarrett.   Under their lease they entered on the premises, made extensive operations, and took therefrom a large amount of ore, paying the company a royalty of 50 per cent. on both lead and zinc.

In September, 1903, McCullagh brought this suit against the company and the other lessees, alleging that he had been granted the exclusive privilege to mine the premises; that he had expended large sums in developing and mining the same; that the company had entered into collusion with the other defendants by which the latter had taken possession of the lot in question and committed a continuing trespass upon his right; and that they had taken from the premises ores and minerals to the value of $12,500 and converted the same to their own use.   An injunction was prayed for. as well as damages for the value of the ores taken.

A general denial and a number of special defenses were pleaded by the company and also by the other defendants.   When plaintiff rested, separate demurrers to the evidence were presented, and the ruling of the trial court in sustaining these demurrers raises the only question which requires notice.

*Edward E. Sapp,* and *R. W. Blue,* for plaintiff in error.

*George W. Wheatley, H. C. Finch,* and *Tracewell & Moore,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: The petition alleged that plaintiff had an exclusive lease of the right to mine the land for lead and zinc. His own evidence of the contract made in a conversation with the manager of the company is as follows:

"Ques. What was that conversation? Ans. I could not repeat it exactly, but I told him that I could not beat the water there with a steam hoister and would have to quit. He wanted to know why I did n't put in a pump, and I told him that it would not pay, and if I did it would have to be on the Ben Q lot, and he said; 'Go ahead and cut wherever you want on the Ben Q lot; all I want is the royalty.' "

He proved a mere parol license, which was revocable at pleasure, and which was sufficient until revoked to protect him from the charge of being a trespasser on the lands. According to his own version of the lease he was not bound to work the lands unless he saw fit to do so. No time was fixed when the right was to begin, and nothing was said as to its duration, or of the royalty to be paid, or how much work he was to perform, or the manner in which he was to conduct his operations. In *Keeling v. Kuhn*, 19 Kan. 441, it was said: "And he who claims rights through a license must show the terms and extent of that license, or it will be held to be merely one revocable at pleasure." (Page 443.)

Plaintiff's right was a mere personal privilege, subject at all times to the right of the owner to enter upon the land and mine or to grant to another the same privilege, and liable at any time to be terminated by revocation at the owner's will. It gave plaintiff the title to such ores only as he reduced to his own possession while the privilege lasted. The expenditure, of money under the privilege added nothing to the grant. It was still a license and revocable, with the right in the licensee to remove from the premises anything movable which he had placed thereon. The case of

*Kamphouse et al. v. Gaffner,* 73 Ill. 453, is in point.   It was there held:

"A parol license to mine on land is a protection against an action of trespass for acts done under it before revocation, but it is revocable at the will of the licensor, and cannot be transferred to another.

"A subsequent conveyance or leasing of the premises amounts to a revocation of license, whether by deed or parol, unless such license is coupled with an interest, and executed." (Syllabus.)

In the case of *Desloge et al. v. Pearce et al.,* 38 Mo. 588, the same question was decided in these words:

"A mere license, unaccompanied with any vested interest in the real estate created by deed or other writing, and independent of any title acquired by grant, prescription or adverse possession and claim for the period of the statute of limitations, must be deemed to be in its own nature countermandable, and essentially revocable at the will of the owners of the fee. It can give no irrevocable right to hold possession of the realty, and to continue working the mines indefinitely and against the will of the owner of the land." (Page 601.)

The principles involved in this case are not new, and the law is well settled.   See the following authorities: *Carnahan v. Brown,* 60 Pa. St. 23; *The Johnstown Iron Company v. The Cambria Iron Company et al.,* 32 Pa. St. 241, 72 Am. Dec. 783; Blanch. & Weeks, Min. & Min. 467; Bar. & Adams, Law of Min. & Min. 67.   The authors of the latter work use this language:

"A grant of a privilege of mining which, if in writing, would constitute an incorporeal hereditament, *if made by parol* constitutes a license, a mere personal privilege which is unassignable, is concurrent with the right of the licensor to mine, is revocable at the will of the licensor, and vests no title in the minerals until they are severed by the acts of the licensee." (Page 67.)

Authorities might be multiplied in support of the doctrine.   The demurrers to the evidence were properly sustained.

The judgment is affirmed.