THE EASTERN OHIO OIL COMPANY V. W. W. MCEVOY.
No. 14,960   (89 Pac. 1048.)

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Interest of Lessee under Oil-and-gas Lease.*
One who performs labor in drilling an oil- or gas-well on
lands in which the owner of the well has no interest beyond
that acquired by the ordinary oil-and-gas lease authorizing
an entry upon the lands to explore for oil or gas cannot ob-
tain a mechanic's lien for such labor which will attach to the
lease or to personal property belonging to the lessee and left
upon the land.

Error from Wilson district court; LEANDER STILL-
WELL, judge. Opinion filed April 6, 1907. Reversed.

STATEMENT.

THE Eastern Ohio Oil Company held a lease grant-
ing it the right under conditions expressed therein to
drill for oil and gas upon certain lands belonging to
another. C. A. Kellar made a contract with the com-
pany to drill a well to the depth of 1200 feet, unless
oil or gas was found at a less depth, for which the
company was to pay him $1 per foot, and if he failed
to complete the well the company was to pay him noth-
ing. After drilling to the depth of about 800 feet, and
before finding oil or gas, he abandoned the well and
the contract.

McEvoy was a laborer employed by Kellar to work
at the drilling. Not having been paid anything for
his labor, he filed a mechanic's lien upon the land and
served notices upon the owner of the land and also
upon the owner of the lease. Suit was brought to
foreclose this alleged lien upon the lease and upon cer-
tain property belonging to the lessee, consisting of the
piping and casing placed in the well as the drilling
progressed. Kellar, the contractor, the owner of the
land, and the Eastern Ohio Oil Company, as lessee,
were all made defendants. There was a trial to the

court and judgment was rendered for the plaintiff against the contractor for $162.50, declaring the judgment a lien upon the oil-and-gas lease and the privileges pertaining thereto, and upon the piping and casing used in and about the well. The decree provided that the lease for oil and gas upon the lands and the piping and casing should be sold to satisfy the judgment. The company seeks to reverse this judgment.

*S. S. Kirkpatrick*, for plaintiff in error.
*Hudson & Sheedy*, for defendant in error.

The opinion of the court was delivered by

PORTER, J.: Can one who performs labor in drilling an oil- or gas-well on lands in which the owner of the well has no interest, except as holder of the ordinary oil-and-gas lease authorizing entry for the purpose of exploring for oil and gas, obtain a mechanic's lien upon the leasehold interest or upon personal property belonging to the lessee which remains upon the land?

In some states there are statutory provisions extending mechanics' liens to leasehold estates, but regardless of such provisions it seems to be settled that the word "owner" is not limited in its meaning to an owner of the fee. It has been held that a person in possession of real estate under a verbal promise of a conveyance to him in fee simple is an "owner." (*Drug Co. v. Brown*, 46 Kan. 543, 26 Pac. 1019.) The term also includes an owner of a leasehold estate. In *Hathaway v. Davis & Rankin*, 32 Kan. 693, 5 Pac. 29, it was held that a lien for materials and labor may attach to a leasehold estate, and that such a lien attached to the buildings, fixtures and materials placed thereon by the tenant. (See, also, *Choteau et al. v. Thompson & Campbell*, 2 Ohio St. 114; *Lyon v. McGuffey*, 4 Pa. St. 126, 45 Am. Dec. 675.)

The lessee may create a lien to the extent of his

right and interest in the land, but no further. (*McCarty et al. v. Carter*, 49 Ill. 53, 95 Am. Dec. 572.) A mechanic's lien attaching to a leasehold estate is subject to all the terms of the lease. (*Coburn v. Stephens et al.*, 137 Ind. 683, 36 N. E. 132, 45 Am. St. Rep. 218.)

The record does not contain a copy of the lease in question, but the answer set up an ordinary oil-and-gas lease granting to the lessee the right to drill on the lands for oil and gas. The owner of such a lease has no interest in the lands except that of a mere licensee. The lease grants no estate in the land. It creates an incorporeal hereditament only—a license to enter and explore for oil and gas. (*Dickey v. Brick Co.*, 69 Kan. 106, 76 Pac. 398; *Rawlings v. Armel*, 70 Kan. 778, 79 Pac. 683; *Gas Co. v. Neosho County*, *ante*, p. 335.) The lien must be measured by the extent of the owner's interest. (*Getto v. Friend*, 46 Kan. 24, 26 Pac. 473; *Drug Co. v. Brown*, 46 Kan. 543, 26 Pac. 1019.)

We have not been cited to any cases in point, but the conclusion we have reached is that the interest of the holder of such a lease will not support a mechanic's lien under our statute. While the rule in this state is that the mechanic's lien law must be construed liberally, it is nevertheless true that it will not be extended by the courts to cases which do not fall within its provisions. (*Conroy v. Perry*, 26 Kan. 472; *Williams v. Vanderbilt*, 145 Ill. 238, 34 N. E. 476, 21 L. R. A. 489, 36 Am. St. Rep. 486.)

The demurrer to the petition should have been sustained. The judgment is therefore reversed and the case remanded, with directions to sustain the demurrer.