HARRY T. PHILLIPS V. THE SPRINGFIELD CRUDE OIL COMPANY *et al.*

No. 15,213.   (92 Pac. 1119.)

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Interest of Lessee under a Mineral Lease.* The case of *Oil Co. v. McEvoy,* 75 Kan. 515, 89 Pac. 1048, followed, and *held,* that a mechanic's lien will not attach to the interest acquired in lands by the lessee under an ordinary oil or gas lease notwithstanding oil or gas is discovered.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed December 7, 1907. Affirmed.

*Joseph P. Rossiter,* for plaintiff in error.

The opinion of the court was delivered by

PORTER, J.: Harry T. Phillips claimed a mechanic's lien on account of labor performed in drilling oil- and gas-wells under a subcontract, and brought his suit to foreclose the same upon the interest of the lessees in the lands under an oil-and-gas lease. The trial court found for defendants. Plaintiff prosecutes error. The owners of the lease, the contractor who drilled the wells and the owners of the land were all made defendants. The mechanic's lien statute, upon which the claim is based, was strictly followed in the proceedings for obtaining a subcontractor's lien.

The question whether a mechanic's lien will attach to the interest acquired in lands by the lessee under an ordinary oil-and-gas lease has been determined adversely to the contention of plaintiff and is no longer an open question in this state. (*Oil Co. v. McEvoy,* 75 Kan. 515, 89 Pac. 1048.) An oil-and-gas lease conveys no present vested interest in the oil and gas in place. The interest conveyed is a mere license to explore—an incorporeal hereditament—a *profit a prendre.* (*Dickey v. Brick Co.,* 69 Kan. 106, 76 Pac. 398; *Rawlings v. Armel,* 70 Kan. 778, 79 Pac. 683; *Gas Co. v. Neosho County,* 75 Kan. 335, 89 Pac. 750; *McCullagh v. Rains,* 75 Kan. 458, 89 Pac. 1041; *Oil Co. v. McEvoy,* 75 Kan. 515, 89 Pac. 1048. See, also, *Funk v. Haldeman,* 53 Pa. St. 229; *Venture Oil Co., Appellant, v. Fretts,* 152 Pa. St. 451, 25 Atl. 732; *Wettengel v. Gormley, Appellant,* 160 Pa. St. 559, 28 Atl. 934, 40 Am. St. Rep. 733; *Kelly v. Keys, Appellant,* 213 Pa. St. 295, 62 Atl. 911, 110 Am. St. Rep. 547; *Steelsmith v. Gartlan et al.,* 45 W. Va. 27, 29 S. E. 978, 44 L. R. A. 107.)

It is sought, however, to distinguish the present case from *Oil Co. v. McEvoy, supra.* In that case no oil or gas had been discovered and the wells had been abandoned; in the present case oil had been discovered. The cases, however, in our opinion, rest upon the same

Oil Co. v. Pennel.

propositions of law. The discovery of oil or gas under the lease authorizes the lessee to sever the mineral from the soil, and after he has done this, and not before, he acquires the ownership of the thing severed. This may then become subject to taxation and to the usual liabilities which ownership of personal property carries with it; but his rights under the lease never ripen into an interest in the real estate sufficient to support a mechanic's lien for labor or material furnished in the process of discovery or in severing the mineral from the land.

The judgment is affirmed.