No. 28,006.

THE R. W. PICKERING LUMBER COMPANY, *Appellant*, v. H. C. EISENHOUR et al., *Defendants;* JACK FLAHERTY et al., *Appellees.*

(264 Pac. 144.)

### SYLLABUS BY THE COURT.

MINES AND MINERALS—*Oil and Gas Leases—Liens for Labor and Material— Distribution of Proceeds.* Liens duly perfected on an oil and gas lease for labor and for material furnished the owner in connection with erection of a single drilling rig are to be paid in proportion to the amounts due the respective lien holders, when the proceeds of sale on foreclosure of the liens are insufficient to pay all claims.

Appeal from Lincoln district court; DALLAS GROVER, judge. Opinion filed April 7, 1928. Reversed.

*L. J. Bond,* of El Dorado, for the appellant.
*E. A. McFarland,* of Lincoln, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a lien on an oil and gas leasehold for material furnished to build a standard drilling rig. A labor lien was given priority over the lien for material, and plaintiff appeals.

Eisenhour and Hawthorne were owners of the oil and gas leasehold. They purchased material for the drilling rig of plaintiff at Gorham, and plaintiff delivered the material at Vesper. The owners of the leasehold employed Flaherty and Berger to haul the material from Vesper to the place where the rig was to be erected and to perform labor on the leasehold. The lien statement of Flaherty and Berger itemized their claim as follows:

Mechanics' Liens, 40 C. J. p. 282 n. 4. Mines and Minerals, 40 C. J. p. 1180 n. 33.

"Items: For hauling and delivery of rig material, $280; for digging slush pool, cellar and pit, $106—$386."

The material was sold on June 17, 1924, and plaintiff's lien was filed on October 7, 1924. The record does not disclose when the hauling and digging commenced. The last labor was performed by Flaherty and Berger on July 1, 1924, and their lien was filed on September 16, 1924. Both liens were filed within the time allowed by statute for perfecting liens. As indicated, the court gave priority to the labor lien, presumably on the ground it was first filed.

The interest in land of a lessee under an ordinary oil and gas lease will not support a lien under the general mechanic's lien law. (See *Meadows v. Oil Co.*, 108 Kan. 228, 229, 194 Pac. 916.) Therefore, the rights of the parties are those conferred by the statute relating to liens on oil and gas leaseholds. (R. S. 55-207 to 55-210.) That statute gives preference to the liens provided for over liens attaching subsequent to the commencement of labor or the furnishing of supplies. (*Moyer v. Hezlep,* 123 Kan. 735, 257 Pac. 229.) The date of filing liens which are filed in time is of no consequence in determining priority.

Assume for the present that Flaherty and Berger would be entitled to a lien for hauling lumber which plaintiff furnished. Plaintiff would have a first lien for all lumber delivered at Vesper before Flaherty and Berger commenced hauling to the site of the rig. Likewise, plaintiff and Flaherty and Berger would have liens superior to that of a carpenter who commenced to erect the rig after the material was delivered at the site. That is what the words of the statute seem to say. Is that what the legislature intended?

The probabilities are the legislature meant that the liens provided for should take precedence over subsequent mortgage and attachment liens, and should take precedence over labor, material, and oil-well supply liens arising out of subsequent separate projects undertaken in the development of the lease, as for example, the erection and equipment of a rig for a second well. Such an interpretation will not solve all the problems certain to arise in administering the statute, but leaving the suggested problems unsolved, it seems unreasonable that those who successively contribute to the erection of the same rig should be paid in the order in which their contributions commenced, if the property proves insufficient to pay them all. In 40 C. J. 282 appears the following:

"As a general rule all 'mechanics' liens on the same property and arising out of the erection of the same building or improvement stand on an equality and share *pro rata* in the amount realized where it is not sufficient to pay all in full." (§ 354.)

This is the theory of the mechanic's lien statute of this state. (*Clough v. McDonald*, 18 Kan. 114; *Lumber Co. v. Allen*, 52 Kan. 795, 35 Pac. 781; *Fossett v. Lumber Co.*, 76 Kan. 428, 437, 92 Pac. 833.).

The mechanic's lien statute contains the following provision:

"If the proceeds of the sale be insufficient to pay all the claimants, then the court shall order them to be paid in proportion to the amount due each." (R. S. 60-1410.)

The leasehold lien statute contains the following provision:

"All liens for labor and materials furnished to owners of leaseholds for oil and gas purposes, as may be provided by law, shall be enforced in the same manner . . . as may be provided by law for enforcing liens of mechanics and others against real estate." (R. S. 55-210.)

The statute authorizing liens on oil and gas leaseholds is analogous to the general mechanic's lien law (*Meadows v. Oil Co.*, 108 Kan. 228, 231, 194 Pac. 916), and if the erection of a single drilling rig on an oil and gas lease may be regarded as analogous to the erection of a single improvement, such as a dwelling house, on the land of an owner, lien holders may be placed on a footing of equality, and may share *pro rata* in the sum realized from sale of the property subject to lien. Assuming the legislature had the general theory of the mechanic's lien in the back of its mind when it enacted the leasehold lien law, the court holds that the district court erred in giving priority to one of the liens involved in the proceeding under review.

This court held under the mechanic's lien act of 1872 that, while a teamster was a laborer, he had no lien for the work of his team, and had no lien for his own labor unless the contract was severable so that his claim for his own work could be separately computed. (*Mann v. Burt*, 35 Kan. 10, 10 Pac. 95.) Doubtless because of this ruling, the mechanic's lien statute was amended to include a lien for labor with a horse, team, or motor truck and driver. (*Traction Co. v. Brick Co.*, 112 Kan. 774, 213 Pac. 169.) The leasehold lien statute does not contain anything corresponding to the matter inserted in the mechanic's lien statute by the amendment, and plain-

tiff contends Flaherty and Berger were not entitled to a lien for hauling. The journal entry of judgment makes it clear that allowance of lien for hauling was not contested in the district court, and that court may not be reversed with respect to a matter which it was not called on to consider and did not decide.

The leasehold has been sold, and the proceeds are in court for proper distribution. The judgment of the district court is reversed, and the cause is remanded with direction to enter an order of distribution providing that the lien holders shall share in proportion to the amount of their respective liens as established.