No. 28,142.

THE E. T. BURROWES COMPANY, *Appellant*, v. A. H. PARKS et al., *Appellees*.

(268 Pac. 81.)

Opinion filed June 9, 1928.

*Gordon A. Badger,* of Eureka, for the appellant.

*Homer V. Gooing,* of Eureka, for appellee The Eureka Building & Loan Association.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a mechanic's lien. A mortgagee was made a party defendant, and a mechanic's lien-holder intervened. The intervener was awarded a first lien, the mortgagee a second lien, and plaintiff a third lien. Plaintiff appeals from the portion of the judgment giving the mortgage priority over plaintiff's mechanic's lien.

Parks let a contract to Hammond, the ·intervener, to furnish the labor and material for the erection of a dwelling house. Hammond began construction of the building on October 12, 1925, and concluded performance of his contract on May 22, 1926. The mortgage was given on November 12, 1925. On August 24, 1926, plaintiff put window and door screens on the building. The screens were ordered on April 17, were manufactured to be attached to the building, and the lien for the screens was filed on November 23, 1926.

The mechanic's lien law does not regard dates of contracts to furnish labor or material. The statute reads as follows:

"Any person who shall, under a contract with the owner of any tract or piece of land, . . . perform labor or furnish material for the erection, alteration, moving or repair of any building, improvement or structure thereon, or who shall furnish material or perform labor . . . in putting up of any

fixtures or machinery in or attachment to any such building, structure or improvement, . . . shall have a lien. . . . Such lien shall be preferred to all other liens or incumbrances which may attach to or upon said land, building, or improvement, or either of them, subsequent to the commencement of such building, the furnishing or putting up of such fixtures, . . . or the making of any such repairs or improvements." (R. S. 60-1401.)

In the opinion in the case of *Mortgage Co. v. Weyerhaeuser*, 48 Kan. 335, 29 Pac. 153, the court said:

"Liens under our law date from the commencement of the building, when one is constructed; from the making of repairs, when a building is altered or improved; from the furnishing or putting up of fixtures or machinery, when they are attached to or put in any building; . . ." (p. 341.)

Hammond erected the dwelling house. The screens were not included in the plans and specifications, and the building was completed without screens three months before the screens were put on. The screens were furnished under a separate contract. While the screens increased desirability of the dwelling house as a place of residence, they were annexations to the structure rather than integral parts of it. Screens are usually removable without injury to the house, and are removed and stored for a portion of the year, in this latitude. They are provided, however, for permanent use with the house, and so are fixtures in the true sense of that term and within the meaning of the mechanic's lien law. Under the circumstances, performance of plaintiff's contract may not be tacked to performance of Hammond's contract, to enlarge, retrospectively, the time within which plaintiff's lien was entitled to preference. Because plaintiff's lien relates to annexation of fixtures to an erected building, and not to construction of the building, the decision in the case of *Pickering Lumber Co. v. Eisenhour*, 125 Kan. 738, 264 Pac. 144, does not apply, and none of the decisions of this court heretofore rendered is pertinent.

The judgment of the district court is affirmed.