No. 28,707.

BEN C. BOND, Receiver of the AMERICAN BUILDING AND LOAN ASSOCIATION OF TOPEKA, *Appellant*, v. A. P. WESTINE et al., *Appellees*.

(278 Pac. 12.)

Opinion filed June 8, 1929.

J. J. Schenck and C. P. Schenck, both of Topeka, for the appellant.

W. Glenn Hamilton, B. J. Lempeneau, Barton E. Griffith, Lester M. Goodell and Paul H. Edgar, all of Topeka, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves the question of priority of a mortgage over certain mechanics' or materialmen's liens. The mortgagee prevailed in part only and appeals.

The facts are substantially these: The United Investment Company, owner of the property in controversy, executed a deed to A. P. Westine dated August 20, 1926. Either on the same day, or the following day, Westine and wife executed a mortgage to the American Building and Loan Association for $5,000 on the same property. The instruments were recorded August 25 following; the deed at 3:05 o'clock and the mortgage at 3:25 o'clock p. m. This, with other property, was already encumbered by a $9,000 mortgage which was released September 26, 1926.

This action is to foreclose the $5,000 mortgage. The defendants answered setting up the mechanics' or materialmen's liens above mentioned.

. A check dated August 25, 1926, for $1,000 of the $5,000 was executed by the loan association to the investment company to pay for the lots, there being no building thereon at the time of the execution of the mortgage by Westine and wife to the loan association. The balance of the $5,000 went into the construction of the building on the premises.

The court found the plaintiff entitled to a first lien for $1,000 on the theory that this amount was a part of a purchase-money mortgage on the property in question. Next, a lien in favor of certain defendants; third, a lien in favor of plaintiff for balance due on its mortgage of something over $4,000; and fourth, a lien in favor of the North American Life Insurance Company for $256.

The theory upon which the defendants claim priority over the lien of the plaintiff's mortgage (except the $1,000) is that the construction of the building was commenced prior to the recording of the mortgage, while the plaintiff contends that the execution of the deed from the investment company to Westine, the release of the

$9,000 mortgage from the investment company to the plaintiff and the execution of the mortgage from Westine and wife for $5,000 to the loan association, constituted one transaction. It argues that the defendants had constructive notice at least of the $9,000 mortgage which was held by the association in full force until after it had secured a mortgage from Westine for the $5,000; that the $9,000 mortgage was released in order to make the $5,000 mortgage a first lien on the premises; that there was never an interval of time when Westine owned the property free and clear of encumbrances; never a time when he could have conveyed it so as to defeat the loan association's mortgage; never an interval of time when he had title sufficient to create liens prior to plaintiff's mortgage. Also, that the $5,000 mortgage was a purchase-money mortgage.

It appears that work on the house in question was begun at 9 o'clock the morning of August 24, 1926. As above noted, the mortgage was delivered to the secretary of the loan association August 25 and recorded at 3:45 p. m. The trial court found that out of the $5,000 only $1,000 was used to pay the United Investment Company for the vacant lots, and that only to this extent could the mortgage be considered a purchase-money mortgage, and to that extent only was a first lien.

The application for the loan stated that the purpose of the loan was for "building." It showed Westine was in possession, claiming title. Possession under a verbal agreement to purchase property is sufficient ownership for the establishment of liens. Westine's possession of the property under agreement to purchase was sufficient, therefore, to support the establishment of the liens.

"A person in possession of real estate under a verbal agreement to convey the fee-simple title to him is an owner thereof within the meaning of our statute relating to materialmen's liens, and may subject his interest therein to such a lien." (Drug Co. v. Brown, 46 Kan. 543, 26 Pac. 1019.)

"A party in open, undisputed possession of real property, who afterwards receives a conveyance of the legal title thereto from the holder thereof, has such a title as will enable him to create a mechanic's lien thereon as against mortgages and grantees of himself." (Lumber Co. v. Fretz, 51 Kan. 134, syl. ¶ 1, 32 Pac. 908.)

In Oil Co. v. McEvoy, 75 Kan. 515, 89 Pac. 1048, it was said in the opinion:

"In some states there are statutory provisions extending mechanics' liens to

leasehold estates, but regardless of such provisions it seems to be settled that the word 'owner' is not limited in its meaning to an owner of the fee. It has been held that a person in possession of real estate under a verbal promise of a conveyance to him in fee simple is an 'owner.' (*Drug Co. v. Brown,* 46 Kan. 543, 26 Pac. 1019.) The term also includes an owner of a leasehold estate. In *Hathaway v. Davis & Rankin,* 32 Kan. 693, 5 Pac. 29, it was held that a lien for materials and labor may attach to a leasehold estate, and that such a lien attached to the buildings, fixtures and materials placed thereon by the tenant. (See, also, *Choteau et al. v. Thompson & Campbell,* 2 Ohio St. 114; *Lyon v. McGuffey,* 4 Pa. St. 126, 45 Am. Dec. 675.)" (p. 516.)

We conclude that Westine was at the time of the commencement of the building of the house capable of creating valid liens thereon.

It has been held that a mortgage may be divided; that so far as it is a purchase-money mortgage it constitutes a lien on the property prior to other liens, while the part which does not represent purchase money does not. (*Pratt v. Topeka Bank,* 12 Kan. 570; *Greeno v. Barnard,* 18 Kan. 518.) A similar question was considered in *New Jersey Bldg., Loan and Invest. Co. v. Bachelor,* 54 N. J. Eq. 600, 35 Atl. 745, where it was said substantially that a vendee of land, simultaneously with the delivery of his deed, gave a mortgage to secure borrowed money, a part of which was used to pay for the land, and it was held that as to such part the lien of such mortgage was prior to a mechanic's lien for improvements made in part before delivery of the deed to the vendee, and under a contract with the vendee made before such delivery, but as to the balance of the mortgage the mechanic's lien was prior.

In Tiffany on Real Property, 2d ed., sec. 636, it is said:

"In most states, if the purchaser of land, upon receiving a conveyance thereof, as a part of the same transaction executes a mortgage to the vendor to secure a part or the whole of the purchase price, such mortgage, to the extent to which it actually secures purchase money, is entitled to priority over any preëxisting claims which may be asserted in favor of other persons against such land as the property of the purchaser."

We conclude that the defendants had valid liens subject to the $1,000 of the mortgage which was used to purchase the lots, and that no error was committed by the trial court in the precedence in which such liens were allowed.

The judgment is affirmed.