No. 21,453.

J. O. ROBINSON, *Appellant*, v. J. L. SMALLEY and JESSIE SMALLEY, *Appellees*.

### SYLLABUS BY THE COURT.

1. CONTRACT — *To Execute Oil and Gas Lease — Incorporeal Hereditament—Statute of Frauds.* A contract to execute an oil and gas lease granting the right to explore, and, if mineral be found, to produce and sever, is a contract for the sale of an incorporeal hereditament, within the meaning of the sixth section of the statute of frauds. (Gen. Stat. 1915, § 4889.)

2. SAME—*When Actionable Though Not in writing.* A contract by a husband, whereby for a consideration he agrees to procure his wife to sign an oil and gas lease of the character described, need not be in writing to be actionable.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 6, 1918. Reversed.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the appellant.

*J. E. Torrance,* and *O. W. Torrance,* both of Winfield, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages for breach of contract. An objection to the introduction of evidence in support of the petition was sustained, judgment was rendered for the defendants, and the plaintiff appeals.

The defendants are husband and wife. They agreed orally to execute and deliver to the plaintiff an oil and gas lease cov-

ering part of their homestead. J. L. Smalley did execute the lease, but his wife declined to do so.

The plaintiff argues that the agreement to make the lease did not relate to an interest in land, but merely gave the right to explore, and, if oil and gas were found, to produce and sever them. It is conceded that the lease authorized an invasion of the homestead for the purpose of prospecting and for the prosecution of oil and gas operations, and would be void without joint consent of husband and wife, but it is insisted no contract for the sale of land, or any interest in land, was made, within the meaning of the statute of frauds, and consequently that an action lies on the oral promise to execute the lease. While the court has held that an oil and gas lease of the kind under consideration does not constitute a conveyance, will not support a mechanic's lien, does not operate as a grant and severance of mineral in place, and creates no estate proper in the land itself, it does create an incorporeal hereditament. A contract for the sale of hereditaments, whether incorporeal or corporeal, is within the sixth section of the statute of frauds. (Gen. Stat. 1915, § 4889.)

In the petition damages were claimed from J. L. Smalley on another ground. The lease lacked nothing but the wife's signature to make it effective, and it was alleged that J. L. Smalley, for a consideration, contracted to procure his wife's signature to the lease.

The statute of frauds applies to the contract between vendor and vendee. This was not a contract by which Smalley agreed to sell anything, or by which his wife agreed to sell anything, or by which the plaintiff agreed to sell anything. The contract was purely one of employment to produce a stated result, and consequently the statute of frauds has no application. The employment was somewhat analogous to employment of an agent to negotiate a purchase of land. In such a case the court said:

"The contract between the plaintiff and the defendant, constituting the defendant the agent of the plaintiff, was not 'a contract for the *sale* of lands, tenements or hereditaments, or any interest in or concerning them,' but it was simply a contract making the defendant *an agent* to negotiate for the *purchase* of lands, tenements, and hereditaments, and interests in and concerning them." (*Rose v. Hayden*, 35 Kan. 106, 112, 10 Pac. 554.)

No question of public policy is involved. The wife was competent to bargain respecting her homestead rights; it was per-

.fectly lawful for her to do so, and it was perfectly lawful for her husband to deal with her, as agent of a prospective purchaser, respecting her homestead rights. Therefore, to the extent indicated, the petition stated a cause of action.

The judgment of the district court is reversed, and the cause is remanded for trial.