EVANGELINE GRAVEL CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12806.   Promulgated July 27, 1928.

*W. O. Rainey*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

OPINION.

MARQUETTE: Two questions are to be determined in this proceeding, viz: (1) The proper rate of depreciation to be allowed for the year 1921 with respect to five items of the petitioner's assets, and (2) the proper rate of depletion deduction to be allowed for exhaustion of a gravel deposit for the same year.

The pleadings indicate a third question relating to the total loss of the useful life of a dam; but that is now conceded by the respondent in his brief.

The sections of the 1921 Revenue Act which are applicable here provide:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913;

\* \* \* \* \* \* \*

(9) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: *Provided*, That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date: *Provided further*, That in the case of mines, oil and gas wells, discovered by the taxpayer, on or after March 1, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the depletion allowance shall be based upon the fair market value of the property at the date of the discovery, or within thirty days thereafter: \* \* \*.

With respect to depreciation, the petitioner relies upon *Golconda Oil Co.*, 7 B. T. A. 955, wherein it was held that oil well equipment which would have no useful life or value after the oil was all extracted should be depreciated at the same rate as that at which the oil was depleted within the taxable year. That, however, does not fully cover the present situation; for we have no proof before us that the petitioner's dredges, railway and equipment, and the like, would have no useful life after the gravel pit had been exhausted. It is true, the petitioner was operating only upon one tract of the several which it had; it may also be true that the petitioner would

abandon the gravel business upon the exhaustion of this one pit. But, so far as the evidence shows, the machinery and equipment was usable and in good condition even after more than seven years' usage, and we can not agree with the petitioner that under the circumstances of this case the rate of depreciation should be based solely upon the so-called unit-of-production basis. As was indicated in the *Golconda* case, *supra*, there is no one fixed and universal rule to be followed; but the facts in each case must be carefully considered, together with the surrounding circumstances, and then, in the light of such facts and surroundings, a deduction made which shall constitute a reasonable allowance.

In the case of *United States* v. *Ludey*, 274 U. S. 295, it is said that:

> The amount of the allowance for depreciation is the sum which should be set aside for the taxable year in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost.

The respondent, in his deficiency notice, placed the proper rate of depreciation at 10 per cent; in his answer filed in this proceeding he claims that 6⅔ per cent is correct. In other words, that the useful life of the property in question was 15 years. He has offered no evidence to support this claim and in our opinion it is not substantiated. On the other hand, the petitioner has not offered any proof as to the salvage value of the plant. We think that a reasonable allowance for depreciation is that based upon a 10-year useful life, and, therefore, we sustain the repondent's original determination upon this point.

As to depletion, the facts clearly show that the petitioner is not entitled to a deduction based upon discovery value, even though gravel deposits are within the statute. In the first place, as to discoveries after March 1, 1913, the discovery must be made by the taxpayer; secondly, the property must not be acquired by purchase of a proven tract or lease. The petitioner's status, as to both these provisions, is directly contrary to them. The statute further provides that depletion based on discovery "shall be based upon the fair market value of the property at the date of discovery or within 30 days thereafter." The petitioner has not proven such market value.

A reasonable allowance for depletion is proper, however, under the statute. The burden being upon the petitioner to show the respondent to be in error in his determination of the amount of allowable depletion, and that burden not having been sustained by any evidence, we must conclude that the respondent's allowance was correct.

The petitioner's tax for the year 1921 should be recomputed, allowing it a deduction in full for the value of the dam destroyed in 1921, and computing depreciation and depletion at the respective rates fixed by the respondent in his deficiency notice.

*Judgment will be entered under Rule 50.*