No. 32,503

HELEN O'TOOLE, *Appellant,* v. TRESSA H. FISH, Trustee, et al., *Appellees.* PATRICK J. LANGAN, *Appellant.*

(51 P. 2d 992)

Opinion filed December 7, 1935.

*W. R. Hazen,* of Topeka, for the appellants.

*Guy L. Hursh, W. T. Chaney* and *Peter Couture,* all of Topeka, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff sued to have adjudged invalid certain portions of a will. The trial court held them valid. Plaintiff and defendant Patrick J. Langan have appealed.

John Langan, a resident of Shawnee county, died March 13, 1933, leaving an estate valued at $40,000. His wife's death had preceded his. He had five children, four of whom he knew to be living, but he did not know whether the other child was living or not, for he had not heard from him for several years. John Langan left a will, which was duly admitted to probate, and an executrix was duly appointed and qualified. In the first seven paragraphs of the will the testator made specific bequests to named beneficiaries. These aggregate $3,701. They are not questioned on this appeal. Paragraphs 8 and 9 of the will are the ones in controversy here. They read as follows:

"Eighth: The remainder of my estate, real, personal and mixed, of which I shall die seized or to which I may be entitled at the time of my death, after all of the above bequests have been paid, I give, devise and bequeath to Tressa H. Fish, or her successors in trust, as hereinafter provided, in trust, however, for the following trusts and uses.

"The said property to be held by said trustee and her successors, and is to be invested and reinvested, as shall seem best advisable to said trustee, the said trustee and her successor having full power to invest, sell, manage and handle the said trust estate and the funds therein, in any manner that may seem to them for the best interest of said trust, during the term thereof. Out of the property and funds so held in trust, the said trustee or her successor in trust, shall pay each of the following named heirs the sum of five hundred dollars ($500) per year, for a period of fifteen years: John J. Langan, son, address unknown; William Vincent Langan, son, Topeka, Kan.; Katie Langan Miller, daughter, Alliance, Neb.; Helen Langan O'Toole, daughter, Detroit, Mich.

"At the end of the above-mentioned fifteen-years period, said trustee or her successor in trust, shall divide the remaining amount of said trust estate among four children above named, share and share alike.

"In case any of the above-named children die before I do, or during the above-mentioned fifteen-years period, or before final settlement is made, without living issue, then his or her share shall revert back to said trust estate and be divided among the remaining above-mentioned children; but if they die leaving living issue, then their share shall go to said living issue as above provided.

"Ninth: If my son, John J. Langan, cannot be found at the time of my death or thereafter, his yearly sum is to be held in trust by said trustee or her successor in trust until the end of the fifteen-year period mentioned in paragraph eight, or the time of final settlement of my entire estate is to be made, and at that time, said sums and accrued interest are to revert back to my estate and be disposed of as above set forth."

Plaintiff is one of the children named in the eighth paragraph of the will. She named as defendants the other four children, Patrick J. Langan, William Vincent Langan, John J. Langan, and Katie Langan Miller, and also named the executrix as a defendant. No service of summons was had and no attempt was made to procure service by publication, or otherwise, on the defendant John J. Langan, if living, or on his heirs, devisees, or legatees, if he be dead. In her petition plaintiff alleged paragraph eight of the will is void in that: (1) It attempts to create a trust and transfer the entire estate to the trustee, with power to sell, dispose of, invest and reinvest the estate at such time and in such manner as the trustee deems best. (2) It provides the trustee shall pay to each of the four children named $500 each year for fifteen years, then to divide the remaining estate among them, but if one of them should die without issue before that time the share of such child shall "revert back to said trust estate" and be divided among the others living, but if one die, leaving issue, the issue shall take that one share. (3) For uncertainty, and in violation of the rule against perpetuity, for no provision is made as to where the estate shall vest in the event all four named children should die without issue within the fifteen years. It is alleged that paragraph nine of the will is in conflict as to the interest of John J. Langan and is repugnant to paragraph eight, and that the provision, if he is not found in fifteen years his share shall "revert back" to the estate, comes within the rule of perpetuity and is further void, ambiguous and uncertain. It also alleged paragraph ten of the will to be invalid; but that point is not stressed here. It further is alleged that by reason of the invalidity of these paragraphs the estate passed to the heirs at law as fully as if the testator had died intestate.

The defendant Patrick J. Langan answered admitting the allegations of the petition and praying for the same relief. The executrix filed an answer appropriate for herself and the other defendants, except John J. Langan, for whom no one appeared.

On the trial there was testimony to the effect that in 1914 John

J. Langan left Topeka and went to Kansas City, and that the testator and other members of his family had not seen or heard from him since that time, although the testator and others had made efforts to locate him. At the close of the evidence plaintiff moved for permission to amend her petition to allege that John J. Langan was legally dead at the time and long before the execution of the will by reason of the fact that he had left Topeka in 1914, going to Kansas City, Mo., and had not been heard from since, although advertisement was made in newspapers and diligent search and inquiry made, but no information had been obtained as to whether he was living or dead. This motion was overruled.

In this court appellants argue that under the common-law rule recognized in this state (*Ryan v. Tudor*, 31 Kan. 366, 2 Pac. 797), one who has been absent for seven years and not heard from after diligent search is presumed to be dead, therefore that the court should have held John J. Langan was dead, and had been for several years before the will in question was written, and for that reason the provisions of the will pertaining to him were void; and, further, that this fact made it unnecessary and impossible for plaintiff to procure service of summons upon him. Appellants are not in position to argue this question for two reasons: *First,* there was no allegation in the petition with reference to his death, and, *second,* there was no service of process made or attempted upon him, if living, or upon his unknown heirs, devisees, or legatees, if he were deceased. The unexplained absence for seven years raises a presumption of death, but does not necessarily establish it (*Thompson v. Millikin*, 93 Kan. 72, 143 Pac. 430), and certainly does not establish the fact that he died without issue or without having made a will. More than that, the administration upon the estate of one presumed to be dead by reason of seven years' absence is a matter not specifically covered by the statutes of this state, and statutes covering that subject must be prepared and followed with care. (See *Cunnius v. Reading School Dist.*, 198 U. S. 458, construing a statute of Pennsylvania, and *Scott v. McNeal*, 154 U. S. 34, construing a statute of the state of Washington. More than that, this boy's father was not required to presume he was dead. It was proper for him to make the provision in his will with respect to the share which should be given to his son in the event he was found alive within a stated time. Indeed, if he did not do so our statute (R. S. 22-243, 22-263) would do it for him.

Appellants argue the words "revert back to said trust estate" and "revert back to my estate," used in the will, are invalid provisions, citing *Gardner v. Anderson, Trustee,* 114 Kan. 778, 227 Pac. 743. These terms were not used in the sense they were used in that case. Indeed, it is clear they are somewhat inaccurately used, and yet the meaning of the testator is clear. Here the estate was placed in the hands of a trustee, and naturally all of it would remain there that was not paid out. The obvious meaning of the will is that the sums not paid out remain for distribution.

Appellants argue the provisions of the will are void because there is nothing in the will to indicate what disposition would be made of the estate in the event all four of the children named should die without issue within the fifteen-year period. There is no intimation that such condition exists, or is likely to exist. The suggestion is purely speculative and is predicated upon a supposition so remote that it need not now be taken into account. If and when such a situation arises the trustee may apply to the court for instructions. Even in the contingency suggested appellants would be in position to receive no benefit from an order then made.

We see no ambiguity in the will sufficient to invalidate it, nor is there any reason to hold that it violates the rule against perpetuity.

The judgment of the court below is affirmed.